# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EXTENET SYSTEMS INC,

                                      Plaintiff,

- against -

VILLAGE OF LAKE SUCCESS and
LAKE SUCCESS VILLAGE
BOARD OF TRUSTEES,

                                    Defendants.
-----------------------------------------------------------------X

**ANSWER**

Docket No. 19-cv-3471
(LDH)(JO)

Answering Intervenors Geoffrey Mazel, *individually*, Suzanne Mazel, *individually*, Andrew Dorf, *individually*, Amy Dorf, individually, Jennifer Kim, *individually*, Jacob Lee, *individually*, Yaniv Shachi, *individually*, Sivan Shachi, *individually*, Bennet Last, *individually*, Sharon Last, *individually*, Spryo Dimitratos, *individually*, Helen Dimitratos, *individually*, Lee Korn, *individually*, Misty Korn, *individually*, Alan Sarnoff, *individually*, Eileen Sarnoff, *individually*, Young Lee, *individually*, and Suzanne Lee, *individually*, by their attorneys Campanelli & Associates, P.C., answer the Complaint as follows:

1. Deny each and every allegation contained within paragraph "1" of the complaint, except admit that the allegations describe the claimed nature of this lawsuit.

2. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "2" and "3" of the complaint.

3. Deny each and every allegation contained within paragraphs "4," "5," "6," "7," "8," "9," "10," "11," "12," "13," and "14" of the complaint.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "15," "16," "17" and "18" of the complaint.

5. Admit the allegations contained in paragraphs "19" and "20" of the complaint.

6. Paragraphs "21," "22" and "23" contain allegations of law, as to which no response is required.

7. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "24," "25," "26," "27," "28," "29," "30," "31" and "32" of the complaint.

8. Paragraphs "33," "34," "35," "36," "37," "39" "40," "41" and "42" contain allegations of law, as to which no response is required.

9. Deny each and every allegation contained within paragraphs "43," "44," "45," 46," "47," "48," "49," "50" and "51" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "52" of the complaint.

11. Paragraphs "53" and "54" contain allegations of law, as to which no response is required.

12. Deny each and every allegation contained within paragraph "55" of the complaint

13. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "56," "57," "58," "59," "60," "61," 62," "63" and "64" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "65" and "66" of the complaint.

15. Deny each and every allegation contained within paragraphs "67," "68," "69," 70," "71," "72," "73" and "74" of the complaint, except refer to and incorporate the referenced laws and refer all questions of law to the Court.

16. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "75," "76," "77," "78," "79," "80," "81," "82," "83," "84," "85, "86" "87," "88," "89," "90," "91," "92," "93," "94," "95," "96," "97," "98," "99," "100," "101," "102," "103," "104" and "105" of the complaint.

17. Deny the allegations contained in paragraph "106" of the complaint, except admit that an attorney representing multiple homeowners raised objections to a finite number of the installations proposed by the plaintiff, based upon adverse impacts upon aesthetics and property values, and lack of showing by the application for the need for those specific proposed facilities.

18. Deny the allegations contained in paragraphs "107," "108," "109," "110" "111" "112" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "113," "114" and "115" of the complaint.

20. Admit the allegations contained in paragraph "116" of the complaint.

21. Admit, upon information and belief, the allegations contained in paragraph "117" of the complaint.

22. Deny the allegations contained in paragraph "118" of the complaint.

23. Admit, upon information and belief, the allegations contained in paragraph "119" of the complaint.

24. Deny the allegations contained in paragraphs "120" "121" and "122" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "123," "124," "125," "126," "127," 128" and "129" "130" of the complaint, except deny that the Board's findings were, in any manner, deficient, "post hoc," "after the fact" or "cited no evidence."

26. Deny the allegations contained in paragraphs "131," "132'" "133" and "134" of the complaint.

27. In response to paragraph "135" of the complaint, the Answering Intervenors repeat, reiterate and re-allege the response set forth within paragraphs "1" through "26" hereinabove, with the same force and effect as if fully set forth at length herein.

28. Paragraphs "136" and "137" contain allegations of law, as to which no response is required.

29. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "138" of the complaint.

30. Deny the allegations contained in paragraphs "139," "140,'" "141," and "142" of the complaint.

31. In response to paragraph "143" of the complaint, the Answering Intervenors repeat, reiterate and re-allege the response set forth within paragraphs "1" through "30" hereinabove, with the same force and effect as if fully set forth at length herein.

32. Deny the allegations contained in paragraphs "144," "145," "146," "147," "148," "149" and "150" of the complaint.

33. In response to paragraph "151" of the complaint, the Answering Intervenors repeat, reiterate and re-allege the response set forth within paragraphs "1" through "32" hereinabove, with the same force and effect as if fully set forth at length herein.

34. Paragraphs "152," "153" "154" and "155" contain allegations of law, as to which no response is required.

35. Deny the allegations contained in paragraphs "156," "157," "158," "159," "160" and "161" of the complaint.

36. In response to paragraph "162" of the complaint, the Answering Intervenors repeat, reiterate and re-allege the response set forth within paragraphs "1" through "35" hereinabove, with the same force and effect as if fully set forth at length herein.

37. Paragraphs "163" and "164" contain allegations of law, as to which no response is required.

38. Deny the allegations contained in paragraphs "165," "166" and "167" of the complaint.

39. In response to paragraph "168" of the complaint, the Answering Intervenors repeat, reiterate and re-allege the response set forth within paragraphs "1" through "38" hereinabove, with the same force and effect as if fully set forth at length herein.

40. Deny the allegations contained in paragraphs "169," "170," "171," "172," "173" and "174" of the complaint.

## RESERVATION OF RIGHTS

41. Answering Intervenors reserve all rights to amend this pleading and to assert additional affirmative defenses and/or to add counterclaims and/or cross-claims up to and including the time of trial of this matter.

## PRAYER FOR RELIEF

**WHEREFORE,** the Answering Intervenors respectfully demand judgment:

(1)    dismissing the Complaint in its entirety; and

(2)    awarding the Answering Intervenors their costs, disbursements and reasonable attorneys' fees, all with applicable interest, together with such other and further relief as the Court may deem just and proper.

Dated: Merrick, New York
August 8, 2019

Respectfully submitted,
CAMPANELLI & ASSOCIATES, P.C.
*Attorneys for*
Geoffrey Mazel, *individually*, Suzanne Mazel, *individually*, Andrew Dorf, *individually*, Amy Dorf, individually, Jennifer Kim, *individually*, Jacob Lee, *individually*, Yaniv Shachi, *individually*, Sivan Shachi, *individually*, Bennet Last, *individually*, Sharon Last, *individually*, Spryo Dimitratos, *individually*, Helen Dimitratos, *individually*, Lee Korn, *individually*, Misty Korn, *individually*, Alan Sarnoff, *individually*, Eileen Sarnoff, *individually*, Young Lee, *individually*, and Suzanne Lee, *individually*

By:    ___Andrew J. Campanelli /s/_____
Andrew J. Campanelli (AC 4014)
1757 Merrick Avenue, Suite 204
Merrick, New York 11566
Tel: (516) 746-1600
Fax: (516) 746-2611
Email: ajc@campanellipc.com

TO:    Christopher B. Fisher, Esq.
Brenden Goodhouse, Esq.
CUDDY & FEDER LLP
Attorneys for Plaintiff
445 Hamilton Avenue, 14th Floor
White Plains, NY 10601
(914) 761-1300

Judah Serfaty, Esq.
ROSENBERG, CALICA & BIRNEY, LLP
Attorneys for Defendants
Village of Lake Success and Lake Success Village Board of Trustees
100 Garden City Plaza
Garden City, NY 11530
(516) 747-7400

*All other parties of record via ECF*