UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EXTENET SYSTEMS INC,                              Docket No. 19-cv-3471
                                                  (LDH)(JO)
                              Plaintiff,

  - against -

VILLAGE OF LAKE SUCCESS and
LAKE SUCCESS VILLAGE
BOARD OF TRUSTEES,
                              Defendants.
-------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT
# OF MOTION FOR INTERVENTION

Respectfully submitted,

CAMPANELLI & ASSOCIATES, P.C.
*Attorneys for*
Geoffrey Mazel, *individually*, Suzanne Mazel, *individually*,
Andrew Dorf, *individually*, Amy Dorf, individually,
Jennifer Kim, *individually*, Jacob Lee, *individually*,
Yaniv Shachi, *individually*, Sivan Shachi, *individually*,
Bennet Last, *individually*, Sharon Last, *individually*,
Spryo Dimitratos, *individually*, Helen Dimitratos,
*individually*, Lee Korn, *individually*, Misty Korn,
*individually*, Alan Sarnoff, *individually*, Eileen Sarnoff,
*individually*, Young Lee, *individually*, and
Suzanne Lee, *individually*,

By:     ___Andrew J. Campanelli /s/_____
        Andrew J. Campanelli (AC 4014)
        1757 Merrick Avenue, Suite 204
        Merrick, New York 11566
        Tel: (516) 746-1600
        Fax: (516) 746-2611
        Email: ajc@campanellipc.com

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT.................................................................................... 1

PRELIMINARY FACTS............................................................................................... 2

POINT I.......................................................................................................................... 5

      THE MOVANTS/PROPOSED INTERVENORS
      ARE ENTITLED TO INTERVENE AS OF RIGHT………………………………… 5

         A.   The Movants' Application to Intervene is Timely…………………………… 6

         B.   The Movants Have an Interest in the Subject Matter of this Action…………. 7

         C.   A Disposition of the Action Would Impede The Movants' Property Interests. . 8

         D.   None of the Existing Parties will Adequately Represent the Movants'
            Individual Interests……………………………………………………………… 9

POINT II......................................................................................................................... 11

      THE MOVANTS SATISFY THE STANDARD
      FOR PERMISSIVE INTERVENTION……………………………………………… 11

CONCLUSION............................................................................................................... 13

# **TABLE OF AUTHORITIES**

**CASES**                                           **Page**

Berroyer v. United States,
    282 F.R.D. 299 (2012)……………………………………………………… 5

Butler, Fitzgerald & Potter v. Sequa Corp.,
    250 F.3d 171 (2nd Cir. 2001)……………………………………………… 5

Dorsett v. County of Nassau,
    283 F.R.D. 85 (2012)……………………………………………………… 5, 11

Friends of East Hampton Airport v. The Federal Aviation Administration,
    2016 WL 792411…………………………………………………………….. 9

Omnipoint Communications Inc. v. The City of White Plains,
    430 F2d 529 (2nd Cir. 2005)……………………………………………… 4, 12

Oneida Indian Nation of Wisc. v. New York,
    732 F2d 261 (2nd Cir. 1984)…………………………………………….. 5

Pub. Serv. Co. v. Patch,
    136 F.3d 197 (1st Cir. 1998)................................................................ 7

*R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*,
    584 F.3d 1 (1st Cir. 2009)..................................................................... 4

Sackman v. Liggett Group,
    167 F.R.D. 6 (1996)……………………………………………………… 5, 9

United States v. Puerto Rico,
    227 F.R.D. 28 (D.P.R. 2005)................................................................. 8

U.S. Postal Service v. Brennan,
    579 F2d 188 (2nd Cir 1978)……………………………………………… 11

Wolpe v. Poretsky,
    144 F2d 505 (D.C. Cir. 1944).................................................................. 8, 10

**RULES**

Fed.R.Civ.P. Rule 4(d)……………………………………………………………….6

Fed. R. Civ. P. 24(a)..................................................................................1, 2, 6, 7, 11

Fed. R. Civ. P. 24(b)..................................................................................3, 11

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure Rule 24(a), Geoffrey Mazel, *individually*, Suzanne Mazel, *individually*, Andrew Dorf, *individually*, Amy Dorf, individually, Jennifer Kim, *individually*, Jacob Lee, *individually*, Yaniv Shachi, *individually*, Sivan Shachi, *individually*, Bennet Last, *individually*, Sharon Last, *individually*, Spryo Dimitratos, *individually*, Helen Dimitratos, *individually*, Lee Korn, *individually*, Misty Korn, *individually*, Alan Sarnoff, *individually*, Eileen Sarnoff, *individually*, Young Lee, *individually*, and Suzanne Lee, *individually*, all of whom are collectively referred to herein as "the movants," respectfully move this Court for leave to intervene as of right in the above-title action pursuant to Fed.R.Civ.P. 24(a)(2).

In the alternative, the movants move for permissive intervention pursuant to Federal Rule of Fed.R.Civ.P. 24(b)(2)(b).

## PRELIMINARY FACTS

This action concerns a zoning application which was filed by the Plaintiff EXTENET SYSTEMS INC (hereinafter "*Extenet*"), seeking zoning approvals to construct and install thirteen (13) wireless facilities ("Nodes"), on both new self-standing poles and/or on pre-exiting public utility poles, with some of such facilities to be installed in extremely close proximity to several residential homes within the Village of Lake Success (the "Village").

Within such zoning application, *Extenet* applied for a Special Use Permit under the purported relevant provision of the Village Zoning Code.

Upon learning that three (3) of the facilities which *Extenet* was seeking to install were to be installed in extremely close to their respective homes, the movants consulted with experts to ascertain the adverse impacts their properties would sustain, if those three facilities were to be built.

As attested to within the annexed Affidavit, each of the movants' homes are located in close proximity to the three (3) proposed facilities, and concomitantly, each of them would sustain similar adverse impacts as a result of their installation. *See* the Affidavit of Amy Dorf at paragraphs "16" "18" and "19" and Exhibits "C" and "D."

As they suspected, the experts confirmed to them that if the proposed wireless facilities were to be built so closely to their homes as was intended by *Extenet*, it would reduce the values of their respective homes by between twenty (20%) and twenty-five (25%) percent. *See* Exhibit "D" at pages 24, 25 and 26.

This dramatic reduction in the value of their homes would be in addition to the dramatic adverse aesthetic impacts they would simultaneously suffer from these facilities. *See*, e.g. the Affidavit of Amy Dorf at paragraphs "12" through "16" and Exhibit "D" pages 9-22.

Upon further inquiry, the movants additionally learned that none of these three facilities were actually necessary for the purposes for which *Extenet* claimed they were needed.

More specifically, *Extenet* claimed that "*Verizon*" needed the proposed facilities at those locations to enable it to provide 4G wireless services at such locations.

But the movants obtained evidence, from a database owned and maintained by *Verizon*, that *Verizon* has no gaps in its 4G wireless coverage at those locations, and that the level of its wireless service at those locations was "excellent" *See* Exhibit "C" at pages "3" through "9," and Exhibit "D" at pages 4-6 which consist of *Verizon's* own coverage maps which depict that *Verizon* has no gaps in its 4G wireless service at those precise locations.

When the Village held a public hearing upon *Extenet's* application, the movants opposed the installation of the three specific Nodes which would have harmed their properties, those being Nodes #1, #11 and #12.

In support of their opposition, the movants filed a "Memorandum in Opposition" a true copy of which is annexed hereto as Exhibit "C," and a collection of evidentiary documents which were collectively titled "Exhibits in Opposition," a true copy of which is annexed hereto as Exhibit "D."

Within their submissions, the movants provided direct probative evidence of both the adverse impacts on property values, and the adverse aesthetic impacts, which the movants' homes would sustain if those three Nodes were installed.

As reflected within Exhibit "D," such evidence included professional opinion letters from licensed real estate brokers who were acutely familiar with the real estate market in the Village.

Within such opinion letters, the real estate professionals attested to the reduction in property values which the movants' homes would sustain if the proposed facilities were to be

3

installed so closely to the movants' homes.

The movants also submitted adverse aesthetic impact letters wherein the homeowners themselves detailed, from a personal perspective, the nature and extent of the adverse aesthetic impacts their respective homes would suffer.

Significantly, courts within the Eastern District of New York have recognized these precise types of evidence as sufficient to establish these precise types of adverse impacts. See e.g. Omnipoint Communications Inc. v. The City of White Plains, 430 F2d 529 (2nd Cir. 2005).

After the close of the public hearing, and based upon all of the evidence which had been presented to it, the Village Board of Trustees rendered a determination denying a number of the Nodes proposed by *Extenet*, including the three Nodes which had been opposed by the movants.

*Extenet* thereafter commenced this action asserting, among other things, that a recent "declaratory ruling" of the FCC pre-empts the Village from considering whether the facilities which *Extenet* seeks to construct are actually *necessary* for anyone to provide personal wireless services within the Village, or considering the adverse aesthetic impact that would be sustained by the movants' homes. *Extenet's* complaint is also based upon arguments that the evidence which was submitted to the Board of Trustees *by the movants* was defective, and that *the movants' arguments* before the board were without legal basis. See e.g. Exhibit "A" at paragraphs 110-115.

With expert evidence having established the loss in value which their homes would suffer if *Extent's* Nodes were to be installed so close to their respective homes, the movants have been constrained to seek to intervene herein to protect their residential properties against same.

4

# POINT I

## THE MOVANTS/PROPOSED INTERVENORS ARE ENTITLED TO INTERVENE AS OF RIGHT

The movants' application to intervene should properly be granted as a matter of right, because the movants meet the criteria of Fed.R.Civ.P. 24(a)(2).

Federal Rule of Civil Procedure 24(a)(2) explicitly provides:

> "On a timely motion, the court <u>must</u> permit anyone to intervene who[…] claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." [underline added]
>
> Fed.R.Civ.P. 24(a)(2)

To establish their entitlement to intervene as a matter of right, a putative intervenor must: (1) file a timely motion to intervene; (2) claim an interest relating to the property or transaction that is the subject of the action, (3) be so situated that without intervention the disposition of the action may impair that interest and (4) show that their interest is not already adequately represented by existing parties. <u>Dorsett v. County of Nassau</u>, 283 F.R.D. 85 (2012) citing <u>Butler, Fitzgerald & Potter v. Sequa Corp.</u>, 250 F.3d 171 (2nd Cir. 2001).

In considering a motion to intervene, the Court must accept as true non-conclusory allegations of the motion. <u>Berroyer v. United States</u>, 282 F.R.D. 299 (2012), <u>Oneida Indian Nation of Wisc. v. New York</u>, 732 F2d 261 (2nd Cir. 1984), <u>Sackman v. Liggett Group</u>, 167 F.R.D. 6 (1996).

A.   The Movant's Application to Intervene is Timely

The movant's motion to intervene is timely because, among other things, it has been filed within the period within which the movants would have been required to interpose an answer in this case, had the plaintiff joined the movants as defendants, and served them with a waiver request under Fed.R.Civ.P. Rule 4(d), which would have given the movants not less than sixty (60) days from the plaintiff having served the waiver upon them. *See* Fed.R.Civ.P. Rule 4(d)(3).

Since the plaintiff *did not* join the movants as defendant, nor serve them with a copy of the complaint or a request for a waiver, the movants did not learn of the existence of this matter until they "heard about it" through "word of mouth." Once the movants learned of the existence of this action, they contacted counsel and immediately scheduled an appointment to meet with them to discuss the means available to protect their property rights.

After a face-to-face consultation with counsel, a retainer agreement was drafted and circulated it among the movants, who signed and returned same. Their counsel then promptly contacted the attorneys for the parties herein, and requested that they stipulate to permitting the movants to intervene herein, to avoid the necessity of making this application to the Court.

Counsel for the *plaintiff* promised a response, but never provided any. Counsel for the defendants similarly promised a response, and after a period of delay did respond, only to advise counsel for the movants that the defendants would not stipulate to intervention.

Upon hearing same, the movants promptly filed this motion seeking permission to intervene.

Aside from being procedurally timely, this motion in contemporaneously being filed while this case remains in its infancy.

As reflected in the Docket, the record from the underlying proceeding below has not yet even been compiled, much less submitted to the Court. There has been absolutely no discovery whatsoever conducted in this case, and none is to be conducted.

As such, the movants' application is timely, there would be no prejudice which could be sustained by the existing parties based upon any claim of delay, and by contrast, the movants would be severely prejudiced if their application were to be denied.

Under the "totality of the circumstances," it is respectfully submitted that the movants application is therefore timely, within the meaning of Fed.R.Civ.P. 24(a)(2).

B.  The Movants Have an Interest in the Subject Matter of this Action.

Rule 24(a) requires an applicant for intervention to possess an interest relating to the property or transaction that is the subject of the litigation. "While the type of interest sufficient to sustain intervention as of right is not amendable to precise definition, a putative intervenor must show at a bare minimum that it has a 'significantly protectable' […] interest that is 'direct, not contingent.'"  Pub. Serv. Co. v. Patch, 136 F.3d 197, 205 (1st Cir. 1998).  "Potential economic harm to a would-be intervenor is a factor that warrants serious consideration in the interest inquiry." Id.  There is direct probative evidence that the movants have substantial interests relating to the proposed structures which are the subject of this litigation.

As was established by probative credible evidence and expert opinions which the movants provided and caused to be entered into the record of the zoning proceeding below, if the structures proposed by the plaintiff herein are installed in such close proximity to the movants' residential homes, their homes would suffer both substantial losses in monetary value, and dramatic adverse aesthetic impacts upon same.

7

Moreover, Federal Courts have long recognized that in lawsuits contesting the application of zoning restrictions to a particular parcel of land, owners of adjoining parcels are entitled to intervene under Rule 24 (a)(2). Wolpe v. Poretsky, 144 F2d 505 (D.C. Cir. 1944).

Since there is no doubt that each of the movants, individually, have an interest in the subject matter of this action, Rule 24(a) requires that intervention be granted.

    C.    A Disposition of the Action Would Impede the Movant's Property Interests

An applicant for intervention as of right must be "so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest." Fed. R. Civ. P. 24(a) (emphasis added). "Except in the instances in which there is an unconditional statutory right to intervene, intervention of right shall be limited to the cases in which the disposition of the action impairs, as a practical matter, the intervenor's interest and ability to protect it." United States v. Puerto Rico, 227 F.R.D. 28, 29 (D.P.R. 2005).

In this case, the disposition of the action without intervention would severely impede the movants' ability to protect their property interests in the residential home within which they each reside.

As detailed herein above, if *Extenet* is permitted to install its proposed facilities in such close proximity to the movants' homes, the movants will suffer very real and substantial adverse impacts to their homes and property rights, and absent intervention herein, they will have suffered such financial losses and other harms to their property rights, without having been afforded any opportunity to protect against same.

Given the very real and substantial harm they stand to suffer, it is critical that the movants be permitted to actively participate herein, to ensure that any resolution of this case by judgment, order, settlement or otherwise, does not permit any installation which would inflict such impacts upon their homes.

Without such intervention, the movants' ability to protect their individual interests would be impaired and impeded. As such, Rule 24(a) requires that intervention be granted.

> D. None of the Existing Parties will Adequately Represent
> the Movant's Individual Interests.

As has been clearly stated by Courts in the Eastern District of New York, a party moving to intervene pursuant to Rule 24(a)(2) is merely required to show that the representation of the interests by another party already in the case "*may be*" inadequate to protect their interest, and the burden of making that showing is "*minimal*." See Sackman v. Liggett Group, 167 F.R.D. 6 (1996), Friends of East Hampton Airport v. The Federal Aviation Administration, 2016 WL 792411, citing Butler, Supra.

As a matter of law, the obligation of the Village defendants herein is to advocate for the Village, *as a whole*. It cannot place the interests of one homeowner, or a small group of homeowners, such as the movants herein, over the residents of the entire Village as a whole.

As such, if the Village were to try to resolve this case through mediation or settlement, it might agree to let *Extenet* install the three Nodes which would adversely impact the movants, if *Extenet* might grant the Village one or more other concessions in exchange, if the Village perceived those other concessions as being "the best deal" for the Village overall, or perhaps to avoid the fees and costs of proceeding through this litigation.

9

As such, the interests of the Village defendants and the movants are far from being congruent, and the only way the movants would be afforded a meaningful opportunity to protect their legally protectable rights in their property and their homes, is to intervene herein, and to advocate through their own counsel, who, unlike counsel for the other defendants, would advocate *only* for the rights and interests of the movants herein.

It is for precisely these reasons that in law suits contesting the application of zoning restrictions to a particular parcel of land, federal Courts often rule that the owners of adjoining parcels of land are entitled to intervene in action under Rule 24 (a)(2). See e.g. Wolpe v. Poretsky, 144 F2d 505 (D.C. Cir. 1944).

As such, it is clear that the movants have met the "minimal burden" of establishing that in representing the Village in General, such representation by the Village defendants "may be" inadequate to represent the interests of the movants herein, and accordingly, the Court should grant their motion to intervene.

# POINT II

## THE MOVANTS SATISFY THE STANDARD FOR PERMISSIVE INTERVENTION

As detailed above, the movants meet the requirements for intervention as of right under Rule 24(a). However, if this Court denies intervention as of right, the movants request that the Court grant leave to intervene under Rule 24(b).

Permissive intervention is governed by Fed. R. Civ. P. 24(b) which provides in relevant part:

> "Upon timely motion, the Court may permit anyone to intervene who . . . has claim or defense that shares with the main action a common question of law or fact"
>
> Fed. R. Civ. P. 24(b).

Here, the movants meet the Rule 24(b) standard.

The movants have a significant interest in preventing the construction of the proposed facilities as the construction of same would cause severe aesthetic impacts and severely reduce the value of their properties, and a concomitant interest in ensuring that this action is not determined in favor of *Extenet* herein.

Because this case is in its infancy, the movants' intervention will not cause any undue delay or prejudice to the existing parties. Given the importance of the issues involved in this case, the stake that the applicants have in this litigation, and the early stage of the litigation, the Court should allow permissive intervention.

Moreover, the movants should be permitted to intervene, because their intervention "will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented" See Dorsett v. County of Nassau, 283 F.R.D. 85 (2012) citing U.S. Postal Service v. Brennan, 579 F2d 188 (2nd Cir 1978).

The plaintiff's complaint herein is based, at least in part, upon direct attacks upon *the movants* claims, arguments, and evidentiary submissions which were submitted within the zoning proceeding below.

Among other things, Extenet affirmatively alleges in its complaint that "each point raised by the [movants'] counsel was baseless and contradicted by the record facts" See plaintiff's complaint at paragraph "110."

By way of example, among the many baseless arguments proffered by *Extenet* in its complaint is that in the zoning proceeding below, the movants raised "baseless" objections to photographic presentations which *Extenet* had presented to the Board

In the proceeding below, the movants argued that photo-depictions which had been submitted to the Board by *Extenet* were wholly defective, because *Extenet* had deliberately abstained from providing the Board with any photo depictions taken from the perspectives of the movants' properties, whose homes would have sustained the most significant adverse aesthetic impact from the installations.

Courts within the Eastern District have recognized this precise tactic as rendering photo-depictions inherently defective. See e.g. Omnipoint Communications Inc. v. The City of White Plains, 430 F2d 529 (2nd Cir. 2005) ["First, the Board was free to discount Omnipoint's study because it was conducted in a defective manner. The study concluded that the tower would be visible from only one property outside the golf course . . . [but] no observations were made from the [nearby] residents' backyards, much less from their second story windows].

In spurious fashion, *Extenet* posits in its complaint that the movants argument was baseless because taking photos from the movants' homes "would have required [Extenet] to trespass [upon the movants' properties] to take those photographs.

What *Extenet* disingenuously omits from the allegations in its pleading is that *Extenet* simply never asked for permission to enter the movants properties to take such photographs, which the movants would have gladly permitted.

It is this type of nonsensical attacks upon the movants evidence and positions that mandate that the movants be permitted to intervene to fully develop the factual and legal claims which are to be determined herein.

## CONCLUSION

For the reasons set forth above, the movants respectfully request that the Court grant them intervention as of right or, in the alternative, permissive intervention. The intervenors have attached their proposed answer with this motion to intervene as Exhibit B.

Dated: Merrick, New York
      August 9, 2019

                              Respectfully submitted,

                              CAMPANELLI & ASSOCIATES, P.C.
                              *Attorneys for, individually,*
                              *and, individually*

              By:     s/_____
                   Andrew J. Campanelli (AC4014)
              1757 Merrick Avenue, Suite 204
              Merrick, New York 11566
              Tel: (516) 746-1600
              Fax: (516) 746-2611
              Email: arl@campanellipc.com
              ajc@campanellipc.com

TO:    Christopher B. Fisher, Esq.
        Brenden Goodhouse, Esq.
        CUDDY & FEDER LLP
        Attorneys for Plaintiff
        445 Hamilton Avenue, 14th Floor
        White Plains, NY 10601
        (914) 761-1300

        Judah Serfaty, Esq.
        ROSENBERG, CALICA & BIRNEY, LLP
        Attorneys for Defendants
        Village of Lake Success and Lake Success Village Board of Trustees
        100 Garden City Plaza
        Garden City, NY 11530
        (516) 747-7400


        *All other parties of record via ECF*