UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EXTENET SYSTEMS INC.,                                REPORT AND
                       Plaintiff,                         RECOMMENDATION
            - against -
VILLAGE OF LAKE SUCCESS, et al.,                     19-CV-3471 (LDH) (JO)
                       Defendants.
------------------------------------------------------------X

James Orenstein, Magistrate Judge:

        In a Complaint seeking declaratory and injunctive relief, plaintiff ExteNet Systems, Inc. ("ESI") claims that the Village of Lake Success and its governing Board of Trustees (respectively, the "Village" and the "Board") violated federal and state law when the Board, applying Village regulations, denied ESI's application to build certain wireless facilities within the Village. *See* Docket Entry ("DE") 1 (Complaint) ¶ 1; the Telecommunication Act of 1996 (the "TCA"), Pub. L. No. 104-104, 110 Stat. 56., 47 U.S.C. §§ 253, 332; N.Y. Transp. Corp. Law § 27. Several non-party Village residents, concerned that the parties might enter into a settlement that undermines property values in the area, seek leave to intervene in the action. *See* DE 13.[1] Upon a referral from the Honorable LaShann DeArcy Hall, United States District Judge, I now make this report and, for the reasons set forth below, respectfully recommend that the court deny the motion.

I.     Background

        ESI seeks to install thirteen wireless facilities, or "nodes," in public rights of way within the Village. *See* Complaint ¶¶ 1, 3, 28, 56-63. Each node would be contained in an equipment cabinet roughly the size of a backpack with an appended antenna about two feet in length, and each would be attached to an existing or specially installed utility pole. *See id.* ¶¶ 1, 27-28, 91.

---

[1] The eighteen movants include Geoffrey and Suzanne Mazel, Andrew and Amy Dorf, Jennifer Kim, Jacob Lee, Yaniv and Sivan Shachi, Bennet and Sharon Last, Spryo and Helen Dimitratos, Lee and Misty Korn, Alan and Eileen Sarnoff, and Young and Suzanne Lee.

When the Village held public hearings on ESI's application, the movants argued that installing the nodes – and specifically the three nearest their homes – would decrease the value of their property and have an adverse aesthetic impact. *See* DE 13-1 (Affidavit of Amy Dorf) ¶¶ 1-2, 4-5, 15-16, 18-19; DE 13-2 (Declaration of Andrew J. Campanelli) ("Campanelli Decl.") ¶¶ 28-32. On May 13, 2019, the Board granted ESI's application with respect to four of the thirteen proposed node locations and denied it as to the rest, including the ones about which the movants had expressed the greatest concern. *See* Complaint ¶ 119; DE 7-1 at 3-8 (Board's written findings, appended to the defendants' Answer) (the "Findings").

ESI filed its Complaint on June 12, 2019, seeking declaratory relief and an injunction requiring the defendants to allow immediate installation of all thirteen nodes. *See* Complaint ¶¶ 142, 150, 161, 167, 171. After the defendants filed their Answer, DE 7, the court issued an Order dated August 6, 2019, referring the parties to mediation. Three days later, the movants filed the instant motion. They purport to assert an interest in the action that the appearing defendants will not adequately represent and that may be harmed if the court resolves the case, or if the parties settle, in their absence. *See* DE 13-9 ("Memo.") at 9. ESI opposes the motion. *See* DE 18 ("Opp."). The defendants take no position on it. *See* DE 20. The court referred the motion to me by Order dated August 13, 2019.

II.   Discussion

   A.   Intervention as of Right

A person who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest" has a right to intervene in an action "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The movants must therefore satisfy four conditions to intervene as of right:

2

> (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties.

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006) (citation omitted); *see also New York SMSA Ltd. Partnership v. Village of Nelsonville*, 2019 WL 1877335, at *1 (E.D.N.Y. April 26, 2019) (applying same standard). "Failure to satisfy *any one* of these requirements is a sufficient ground to deny [intervention]." *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996) (emphasis in original) (quoting *Farmland Dairies v. Commissioner*, 847 F.2d 1038, 1043 (2d Cir. 1988)). Moreover, "if a party is not 'necessary' under [Federal] Rule [of Civil Procedure] 19(a), then it cannot satisfy the test for intervention as of right under Rule 24(a)(2)." *MasterCard Int'l Inc.*, 471 F.3d at 389.

The movants plainly cannot meet the applicable standard. While the movants timely filed their request to intervene, *see* Memo. at 6; Opp. at 6, and while I will assume the truth of the movants' inherently speculative assertion that installation of ESI's nodes will ultimately lower the value of their homes, their motion fails on other grounds. As a threshold matter, the movants' contention that they have a cognizable interest relating to the property or transaction that is the subject of this action does not bear much scrutiny. The property at issue in the litigation consists of the thirteen sites on public land within the Village where ESI seeks to install its nodes. The transaction at issue is the Board's disposition of ESI's petition under applicable law. The movants have no cognizable interest in either. *See Omnipoint Commc'ns, Inc. v. City of White Plains*, 202 F.R.D. 402, 403 (S.D.N.Y. 2001) (holding that owner of property adjacent to proposed site for wireless facility had "no such interest" sufficient to warrant intervention in wireless company's claim against municipality asserting violation of TCA).[2]

---

[2] In arguing to the contrary, the movants rely on an opinion from the First Circuit that expressly requires a "direct, not contingent" interest in the subject property or transaction. *Pub. Serv. Co. v. Patch*, 136 F.3d 197, 205 (1st Cir. 1998) (quoted in Memo. at 7). The movants have no such direct

3

Moreover, disposition of the questions before the court – the validity of the Village's regulatory process and the propriety of the Board's disposition of ESI's application – will not impair the movants' ability to take practical steps to vindicate their interests. It remains their prerogative to engage in the Village's governance procedures to advocate against granting ESI's application and, if unsuccessful, to mount their own legal challenge to any decision allowing ESI to install the nodes.[3]

Finally, and most substantively, any cognizable interest that the movants have in this litigation is identical to that of the named defendants, who will adequately represent those interests. The movants are of course correct that their burden in showing potentially inadequate representation is minimal. *See* Memo. at 9; *Great Atl. & Pac. Tea Co. v. Town of E. Hampton*, 178 F.R.D. 39, 42 (E.D.N.Y. 1998) (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972); *United States Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978)). But the movants cannot meet even that minimal burden.

The movants "are not seeking intervention to bring new claims." DE 22 (Reply) at 4 n.1. Instead, the movants and the named defendants seek exactly the same result: dismissal of ESI's claims. *Compare* DE 13-4 (proposed answer) at 6 *with* DE 7 (Answer) at 10. Even in their shared

---

interest. The result they fear – the decrease in value of property other than that on which ESI seeks to install its nodes – is wholly contingent on a number of factors that may increase or decrease the value of nearby properties. The only other case they cite on the issue – a 1944 decision from District of Columbia Court of Appeals – is distinguishable: the court in that case allowed adjoining property owners to intervene as of right in an action challenging a zoning order that would necessarily determine the movants' control of their own property. *See Wolpe v. Poretsky*, 144 F.2d 505, 507 (D.C. Cir. 1944) ("a judgment which declares a zoning order to be void would bind adjoining property owners to the extent of taking away their statutory right to an independent action based on the order") (quoted in Memo. at 8).

[3] Of note in this regard is the fact that the named parties negotiated a settlement in principle, only to have the Board reject the proposed disposition when it was submitted for formal approval at a public hearing. *See* DE 25; DE 26. The record does not reveal whether the movants, or those with similar views, prompted the Board to reconsider a bargain its own counsel negotiated, but it seems clear that some expression of public sentiment played exactly the kind of role in the process of Village governance that obviates any need for the movants to intervene in this action.

defensive posture, the movants do not propose to bring anything new to the table: they assert no affirmative defenses at all, let alone any that the named defendants failed to assert. *Compare* DE 13-4 ¶ 41 (reserving movants' right to assert affirmative defenses later) *with* DE 7 ¶¶ 58-62 (asserting five affirmative defenses on behalf of the named defendants).[4] It is therefore evident that the defendants will adequately represent the movants' interests before this court.

Where, as here, a proposed intervenor shares "an identity of interest" with a party the proposed intervenor must overcome the presumption that the party already in the action adequately represents that interest. *See Verizon New York Inc. v. Jewish People for Betterment of Westhampton Beach*, 556 F. App'x 50, 52 (2d Cir. 2014) (summary order) (citing *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179-80 (2d Cir. 2001)); *New York v. Gutierrez*, 2008 WL 5000493, at *7 (E.D.N.Y. Nov. 20, 2018). To overcome this presumption, a proposed intervenor may offer "evidence of collusion, adversity of interest, nonfeasance, or incompetence." *Butler, Fitzgerald & Potter*, 250 F.3d at 180; *see Great Atl. & Pac. Tea Co.*, 178 F.R.D. at 42-43. The movants proffer no such evidence.

The movants speculate that the named defendants will enter into a settlement to which they might object. *See* Memo. at 9-10; DE 13-2 (Campanelli Decl.) ¶ 40. The prospect seems unlikely at this point, *see* DE 26 (letter dated January 14, 2020, reporting that the Board rejected a potential settlement and that the parties would therefore litigate a motion for summary judgment), but even if the concern was justified it would not support intervention as of right. "The mere possibility that a party may at some future time enter into a settlement cannot alone show inadequate representation." *Great Atl. & Pac. Tea Co.*, 178 F.R.D. at 44 (quoting *Bush v. Viterna*, 740 F.2d 350, 358 (5th Cir. 1984); *see also United States v. Yonkers Bd. Of Educ.*, 902 F.2d 213, 218 (2d Cir. 1990) (disagreement

---

[4] Indeed, the movants' proposed pleading is arguably less robust in opposing the Complaint's assertions than that of the named defendants: to the extent the movants have sufficient information to admit or deny those assertions, they admit more than the defendants. *Compare* DE 13-4 ¶ 5 (admitting Complaint ¶ 20) *with* DE 7 ¶ 11 (denying same).

with named party over trial strategy does not support intervention as of right). I therefore conclude that the movants do not have a right to intervene in this action.

      B.      <u>Permissive Intervention</u>

The court has discretion to allow the movants to intervene if they have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *see AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005) (reviewing the denial of intervention for abuse of discretion); *Brennan*, 579 F.2d at 191 ("Permissive intervention is wholly discretionary with the trial court."). As explained below, I conclude that the movants are not eligible for permissive intervention and that even if the court has discretion to grant their motion it should not do so.

In purporting to explain why they meet the applicable legal standard, *see* Memo. at 11-13, the movants do not identify the "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The lapse, if inexcusable, is at least understandable: in their proposed answer, the movants do not assert *any* claim or defense, let alone one that shares a factual or legal issue with those already before the court. The movants do not want to litigate their own claim or defense; instead, they want to make sure that the defendants litigate the case to their satisfaction. That is not a basis for permissive joinder.

Even if the court had discretion to grant the motion, applicable case law suggests it should not do so. A court should not permit an intervention that would "unduly delay or prejudice the adjudication rights of the original parties." *See* Fed. R. Civ. P. 24(b)(3); *Brennan*, 579 F.2d at 191. In making its decision the court should consider

> the nature and extent of the intervenor's interests; whether the intervenor's interests are adequately represented by the parties; and whether the party seeking intervention will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal question presented.

*Great Atl. & Pac. Tea Co.*, 178 F.R.D. at 44.

The circumstances of this case do not justify permissive intervention under that standard. As explained above, the defendants will adequately represent the interest of opposing ESI's claims, and the movants' participation would do nothing to advance that interest. Rather, the movants would "merely underline[] issues of law already raised by the primary parties." *British Airways Bd. v. Port Authority of New York and New Jersey*, 71 F.R.D. 583, 585 (S.D.N.Y. 1976) (quotation omitted). Moreover, allowing the intervention proposed here would result in needless delay, as "[a]dditional parties always take additional time." *Id.* While a court should always try to avoid unnecessary delay, that concern is heightened in litigation under the TCA, which must proceed "on an expedited basis." 47 U.S.C. § 332(c)(7)(B)(v). I therefore conclude that there is no reason for the court to exercise its discretion to permit the movants to intervene.

III.   Recommendation

For the reasons set forth above, I respectfully recommend that the court deny the motion to intervene.

IV.   Objections

Any objections to this Report and Recommendation are due by March 6, 2020. Failure to file objections within the period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
       February 21, 2020

                                                              /s/
                                                        James Orenstein
                                                        U.S. Magistrate Judge

7